[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#127)
The plaintiffs Ann and Theodore Modzelewski and Lenora and Gordon White initiated a summary process action against their tenant, the defendant William Ravies Real Estate, Inc. (Ravies), in January, 2000, to recover possession of commercial property. The plaintiff's claim that Ravies' tenancy terminated by lapse of time upon expiration of a written lease between the parties. By way of special defenses, Ravies contends that the lease has been extended or, alternatively, that equitable considerations should permit an extension or renewal of the lease. The plaintiffs have CT Page 9914 moved for summary judgment to enter on all issues in their favor. Ravies has opposed the motion.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Appleton v. Boardof Education, 254 Conn. 205, ___ A.2d ___ (2000.) "A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings." (Citations omitted; internal quotation marks omitted.) Mountaindale Condominium Assn. v.Zappone, 59 Conn. App. 311, ___ A.2d ___ (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
Facts relevant to the disposition of this motion are as follows. On November 4, 1996, Ravies entered into a written commercial lease and deposit agreement (lease) with the plaintiffs pertaining to the premises described in the lease as Suite 101, Playhouse Corner, Southbury, Connecticut (premises), "an office condominium containing 2000 +/- sq. feet on two floors plus a basement area belonging to the condominium, Suite 101, if any." The lease commenced on November 6, 1996 and expired on November 5, 1999. Paragraph 14 of the addendum to the lease entitled "renewal option" provides in pertinent part that "[a]t the expiration of the initial term, if this lease shall be in full force and effect . . . the tenant shall have the option to extend this lease *** (b) the tenant shall exercise the option for an extended term by notifying the landlord in writing at least six months prior to the expiration of the then current term." The lease at paragraph 25 provides that "[a]ny notice . . . shall be given by mailing the same, postage prepaid, certified return receipt . . . ." The lease at paragraph 26 provides that "[a]ny holding over after the expiration of this lease, with the consent of lessor, shall be construed as a month-to-month tenancy at the rental of $2,800.00 per month . . . and real estate taxes and condominium fees.
Prior to the termination of the lease on November 5, 1999, Ravies did not notify the plaintiffs, in accordance with the lease terms, that it intended to exercise its option to occupy the premises for an extended CT Page 9915 term. On November 30, 1999, after the lease had expired and more than six months after the lease required such notice, Ravies notified the plaintiffs of its desire to renew and extend the term of the lease. (Defendant's opposition to motion for summary judgment, Exhibit 11.) This notice was rejected by certified letter on December 10, 1999, wherein the plaintiffs wrote to Ravies that they had entered into a contract with a third party for the sale of the premises. (Defendant's opposition to motion for summary judgment, Exhibit 12, as evidenced by a "contract of sale" attached as Exhibit 10.) On December 10, 1999, the plaintiffs served Ravies with a notice to quit possession on or before January 17, 2000. (Complaint, Exhibit A.) To date, Ravies retains possession of the premises.
Because the six month renewal notice was not given by the required date, Ravies has no right to relief[1] unless it can establish facts that warrant relief under equitable principles. Tartaglia v. R.A.C.Corp., 15 Conn. App. 492, 494, 545 A.2d 573, cert. denied, 209 Conn. 810,548 A.2d 438 (1988). Ravies claims by its special defenses, in pertinent part,[2] that the plaintiffs had constructive or actual notice of its exercise of the renewal option within the time frame provided by the lease, and consequently, the lease has been extended or should be extended in equity. "Equitable relief is extraordinary and not available as a matter of right, but rather is in the discretion of the court. . . . This discretion . . . is not without limitation . . . ." (Citations omitted.) Id.
A trial court may grant equitable relief to a defendant in a summary process action only in accordance with the standard set forth in RR ofConnecticut, Inc. v. Stiegler, 4 Conn. App. 240, 493 A.2d 293 (1985), requiring the tenant to establish that (1) the delay was a result of mere neglect and not gross or willful negligence, (2) the delay was slight, and (3) the lessor suffered only minimal harm while the harm to the lessee was substantial. Id., 245-46. "All three elements of this standard must be met before equitable relief will be granted." (Citation omitted.)Tartaglia v. R.A.C. Corp., supra, 15 Conn. App. 494.
This standard is easily met as to the first element, inasmuch as Ravies admits that a renewal notice as required by the lease was delayed by more than six months, and not sent until after the lease had expired, because of neglect on Ravies' part. (Affidavits of Mary Ann Evick and William Gamelli, Jr.) As to the second element, the plaintiff's claim that a greater than six month delay was not slight, and the delay compelled them to protect their interests by contracting with a third party after the lease expired. "[W]hen we did not receive notification of [Ravies'] intention to renew, and the lease had expired, we needed to review our options . . . and entered into a contract to sell [the premises]." CT Page 9916 (Emphasis added.) (Defendant's opposition to motion for summary judgment, Exhibit 12.) The plaintiffs' contention that the delay was not slight is uncontroverted by any evidentiary foundation. Nor has Ravies cited or the court found any case decided in a similar context in favor of a commercial tenant who attempted to send the required renewal notice after the lease had expired. Indeed, paragraph 14 of the addendum to the subject lease expressly limits the renewal option to a tenant whose lease remains in full force and effect. Consequently, Ravies has failed to overcome the second element for granting equitable relief from a summary process action. Because the rule expressed in Tartaglia demands that all three elements of the standard be met before equitable relief will be granted, the court finds as a matter of law that Ravies is not entitled to such relief.
The plaintiffs' motion for summary judgment is granted. The clerk shall enter judgment of possession in favor of the plaintiffs.
McWeeny, J.